ANTONETTE DOBBS,

        Plaintiff,

v.                                 Case No:  2:16-cv-339-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## OPINION AND ORDER

Plaintiff Antonette Dobbs seeks judicial review of the denial of her claim for supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.

### I.    Issues on Appeal[1]

Plaintiff raises four issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly developed a full and fair record; (2) whether the ALJ properly determined that Plaintiff's respiratory impairments are not severe; (3) whether substantial evidence supports the ALJ's assessment of Plaintiff's residual functional

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

capacity ("RFC"); and (4) whether the ALJ properly considered medical source opinions in evaluating Plaintiff's RFC.

## II.     Procedural History and Summary of the ALJ's Decision

On May 31, 2011, Plaintiff filed her application for SSI.    Tr. 258-64.    Plaintiff alleged disability beginning on April 20, 2011 due to breast cancer, lupus, liver and stomach complications, nerve damage, arthritis and scoliosis.    Tr. 318.    The claim was denied initially and upon reconsideration.    Tr. 175-81, 185-90.    Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Maria C. Northington on June 9, 2014.    Tr. 238-43.    Plaintiff, who was represented by an attorney, and vocational expert ("VE") Jeffrey Lucas appeared and testified at the hearing.    *See* Tr. 76-144.

On September 19, 2014, the ALJ issued a decision finding Plaintiff not disabled since May 31, 2011, the date she filed her application.    Tr. 24-37.    At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 31, 2011, the application date.    Tr. 26.    At step two, the ALJ found that Plaintiff has the following severe impairments: psoriatic arthritis, fibromyalgia, unspecified mood disorder with depression and anxiety and history of alcohol abuse.    *Id.*    At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."    Tr. 28.    The ALJ then determined that Plaintiff has the RFC to perform light work,[2] as follows:

---

[2] The regulations define light work as work that involves:

In affordance of greatest benefit of the doubt, [Plaintiff] is capable of performing a wide range of light work with the ability to occasionally lift and/or carry up 20 pounds as defined in the Dictionary of Occupational Titles (D.O. T.) and regulations, as well as lift and/or carry 10 pounds frequently. This includes sedentary work as defined in the Dictionary of Occupational Titles (D.O.T.) and regulations. There are no limits for sitting in an eight-hour workday with standing and walking for up to six hours in an eight-hour workday. [Plaintiff] is capable of occasionally climbing ramps/stairs, kneeling and stooping. She is to perform no crawling and no climbing of ladders/ropes/scaffolds. Secondary to asthma and despite long-term tobacco abuse history, [Plaintiff] is to avoid concentrated exposure to respiratory irritants such a fumes, odors, smoke, gases and poor ventilation. She is to avoid concentrated exposure to extremes of heat, humidity and cold temperatures. Secondary to mental impairments, [Plaintiff] retains the capacity to understand, remember and carry out at least SVP 3 instructions and perform SVP 3 tasks as consistent with the lowest end semi-skilled work.

Tr. 30. Next, the ALJ found that Plaintiff is able to perform her past relevant work as a front desk receptionist. Tr. 35. At step five, in considering Plaintiff's RFC, age, education, and work experience, the ALJ found that jobs exist in significant numbers in the national economy Plaintiff could perform. Tr. 35-37. Thus, the ALJ concluded that Plaintiff has not been disabled since May 31, 2011, the date the application was filed. Tr. 37.

---

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on March 31, 2016. Tr. 1-3. Accordingly, the ALJ's September 19, 2014 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on May 9, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Docs. 18, 20.

## III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[3] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

---

[3] The Court notes that after Plaintiff filed her application and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

(1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."

*Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV.  Discussion

a.  *Whether the ALJ properly developed a full and fair record*

During the hearing before the ALJ, Plaintiff alleged that she has, among other things, asthma and chronic obstructive pulmonary disease ("COPD"). Tr. 80. Plaintiff testified that she uses a nebulizer up to four times a day and two inhalers

and has difficulty breathing. Tr. 81, 103. During the hearing, Plaintiff's counsel requested a consultative examination because despite Plaintiff's alleged breathing difficulties, Plaintiff's last pulmonary function test was dated July 16, 2012,[4] nearly two years prior to the hearing. Tr. 140, 813. Plaintiff's counsel argued that since her last test, Plaintiff's respiratory condition might have become worse, evidenced by her complaints of breathing difficulties and requests for extra breathing treatments in 2014. Tr. 141-42. Counsel asserted that although there were sufficient relevant medical records from 2014, they were handwritten and difficult to read. Tr. 142. As a result, the ALJ directed Plaintiff to undergo a pulmonary function test in order to obtain updated medical information regarding Plaintiff's breathing difficulties. Tr. 143. The ALJ requested that the new pulmonary function test results with interpretation be submitted to her and also be compared with Plaintiff's prior ones from July 16, 2012. Tr. 142.

On July 1, 2014, Eshan M. Kibria, D.O., a neurologist, conducted an independent medical examination of Plaintiff at the referral of the Division of Disability Determinations. Tr. 1163-73. Plaintiff's chief complaints during this evaluation were her uterine cancer, history of breast cancer, stomach complications, post-traumatic stress disorder, history of depression and anxiety, and pain in her right hip. Tr. 1163. Dr. Kibria noted that although Plaintiff was taking aspirin and had "a list of other med[ications,]" she "ha[d] not taken those med[ications] for over a

---

[4] Plaintiff's pulmonary function test on July 16, 2012 indicated that she had normal ventilatory function. Tr. 813.

month." *Id.* Plaintiff further reported that she had COPD and was on two medications, although she reported that she was not a smoker at that time. *Id.*

Dr. Kibria opined that Plaintiff's respiration rate was fifteen beats per minute. *Id.* He also conducted a respiratory examination, which revealed equal bilateral breathing sounds. Tr. 1164. Dr. Kibria did not find any rales or rhonchi, and Plaintiff's anterior-posterior diameter was normal. *Id.* Dr. Kibria diagnosed Plaintiff with, among other things, COPD and asthma. *Id.* Contrary to the ALJ's directives, however, Dr. Kibria did not perform any pulmonary function test during this evaluation. Tr. 142-43, 1163-73.

Accordingly, when the ALJ submitted the evaluation to Plaintiff, Plaintiff's counsel raised this issue to the ALJ in a letter dated July 11, 2014. Tr. 404. Plaintiff's counsel requested that the ALJ again order a new pulmonary function test and hold a supplemental hearing. *Id.* Nonetheless, the ALJ did not respond to the letter or discuss the absence of Plaintiff's updated pulmonary function test in her decision. *See* Tr. 24-37. Instead, the ALJ found that Plaintiff's COPD, asthma and history of pulmonary tuberculosis are non-severe impairments because:

> [Plaintiff] continued to smoke upwards of a pack of cigarettes a day and admitted to marijuana use (Exhibits 1F, 2F, 5F, 6F, 11F, 13F, 14F, 16F, 17F, 18F, 22F, 24F, 25F, & 27F). Her smoking clearly is a contraindication considering her pulmonary issues, blood pressure and overall health. Yet, there is no evidence of significant deficits due to her pulmonary impairments and results of pulmonary function testing on July 16, 2012 showed normal ventilatory function. (Exhibit 18F)

Tr. 27.

Plaintiff argues that the ALJ did not fully develop the record by not obtaining updated pulmonary function test results. Doc. 26 at 9. She further asserts that substantial evidence does not support the ALJ's finding of Plaintiff's respiratory impairments as non-severe impairments. *Id.* at 9-11. The Commissioner responds that the ALJ is not bound by her own directives made during the hearing, and substantial evidence supports the ALJ's findings. Doc. 27 at 4-9.

It is well established that the ALJ has a duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Graham v. Apfel,* 129 F.3d 1420, 1422-23 (11th Cir. 1997) (the ALJ has an affirmative duty to develop the record fully and fairly). The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Accordingly, if the ALJ has insufficient medical evidence regarding a claimant's impairments to determine whether she is disabled, the ALJ may order a physical examination at the government's expense. 20 C.F.R. § 404.1517. The ALJ is not required to order a consultative examination if the ALJ has sufficient information to make a determination. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 830-31 (11th Cir. 2006) ("the ALJ is not required to order an examination if such an examination is not necessary in order to enable the ALJ to make a disability determination.").

In determining whether the ALJ properly developed the record, the Court is "guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Graham*, 129 F.3d at 1423 (citing *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995)). If the record was sufficient for the ALJ to evaluate Plaintiff's impairments and functional abilities and does not show the kind of gaps in the evidence necessary to demonstrate prejudice, there is no error and the Commissioner's decision must stand. *See id.* Instead, the claimant must make "a showing of prejudice before [the court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Brown*, 44 F.3d at 935. "[The] claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing." *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). Prejudice is shown when "the ALJ did not have all the relevant evidence before him or did not consider the evidence in reaching his decision." *Id.* (citing *Kelley*, 761 F.2d at 1540).

Here, the Court finds that Plaintiff did not make a clear showing of prejudice to merit remand. *Brown*, 44 F.3d at 935; *McCabe*, 661 F. App'x at 599. Although Plaintiff's counsel admitted during the hearing that the ALJ had sufficient updated medical information regarding Plaintiff's respiratory conditions, the ALJ nonetheless ordered a new pulmonary function test to evaluate Plaintiff's respiratory impairments. Tr. 142-43. Dr. Kibria conducted a respiratory examination of

Plaintiff, which did not reveal any abnormalities. Tr. 1163-64. Despite the absence of an updated pulmonary function test, Dr. Kibria's evaluation provided what the ALJ requested: the updated medical information regarding Plaintiff's respiratory impairments. *Id.*

Plaintiff does not discuss Dr. Kibria's respiratory examination, but only alleges that the absence of a new pulmonary function test and a supplemental hearing prejudiced her claim because the ALJ found her respiratory impairments not severe and ultimately found her not disabled. Doc. 26 at 8-9. As noted, Plaintiff cannot show prejudice "by speculating that she would have benefitted from a more comprehensive hearing." *McCabe*, 661 F. App'x at 599 (citing *Kelley*, 761 F.2d at 1540). Instead, the Court finds that the ALJ had sufficient medical information in the record to make her determination, including Dr. Kibria's consultative examination, the pulmonary function test dated July 16, 2012 and Plaintiff's medical records from 2014. Tr. 27, 813, 920-65, 1163-64. Because the ALJ had sufficient records on which to base her decision, she was not required to order a pulmonary function test to evaluate Plaintiff's respiratory conditions. *Wilson*, 179 F.3d at 1278; *Fries*, 196 F. App'x at 830-31. As a result, the Court finds that the ALJ fully developed the record because there were no evidentiary gaps in the record requiring remand. *Brown*, 44 F.3d at 935; *McCabe*, 661 F. App'x at 599.

b. *Whether the ALJ properly determined that Plaintiff's respiratory impairments are not severe*

Plaintiff argues that the ALJ erred by finding her respiratory impairments not severe. Doc. 26 at 9-12. The Commissioner responds that Plaintiff did not meet her burden to prove her respiratory impairments are severe. Doc. 27 at 9-12.

At the second step in the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). Plaintiff bears the burden of establishing that her impairments are severe and prevent the performance of her past relevant work. *Bowen*, 482 U.S. 146 at 146 n.5 (1987).

Plaintiff attempts to meet her burden and rebut the ALJ's severity finding by presenting evidence contradicting this finding. Doc. 26 at 9-11. In contrast, assessing conflicting evidence was within the ALJ's discretion because "when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly." *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing *Richardson*, 402 U.S. at 389-409). Thus, the Court will not overturn the ALJ's decision simply because, as Plaintiff argues, conflicting medical evidence

exists; and the ALJ resolved the conflicts in the evidence of record. Doc. 26 at 9-11. *See Powers, 738 F.2d at 1152; Lacina*, 606 F. App'x at 525 (citing *Grant*, 445 F.2d at 656) ("It is 'solely the province of the Commissioner' to resolve conflicts in the evidence and assess the credibility of witnesses.").

Even assuming the ALJ's erred with her analysis at step two, the Court finds that this error was harmless at most. This circuit holds that the ALJ's finding "of any severe impairment, whether it qualifies as a disability and whether it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). This is because after proceeding beyond step two of the process, the ALJ must consider all of the claimant's impairments taken as a whole when determining whether her impairments qualify as a disability (step three) and whether she can return to her past work (step four) or, if not, whether she can perform other work available in the national economy (step five). *Id.; see* 20 C.F.R. § 404.1520. Accordingly, the Eleventh Circuit has held that if the ALJ finds any severe impairment and proceeds beyond step two, "any error in failing to find that [the claimant] suffers from [] additional severe impairments . . . would be rendered harmless." *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013).

Here, although the ALJ determined that Plaintiff's respiratory impairments are not severe, the ALJ found that Plaintiff has several severe impairments, proceeded beyond step two and considered Plaintiff's respiratory impairments in her subsequent

analysis.   Tr. 26-27, 30 (noting "[s]econdary to asthma and despite long-term tobacco abuse history, [Plaintiff] is to avoid concentrated exposure to respiratory irritants such a fumes, odors, smoke, gases and poor ventilation.").   As a result, the Court finds that the ALJ's error at step two, if any, was harmless.   *See Packer*, 542 F. App'x at 892.   Based on the findings above, the Court does not find remand on this ground to be appropriate.

### c. *Whether substantial evidence supports the ALJ's assessment of Plaintiff's RFC*

Plaintiff argues that in assessing her RFC, the ALJ did not sufficiently account for her limitations caused by respiratory impairments because she found that Plaintiff's respiratory impairments are not severe.   Doc. 26 at 12-14.   The Commissioner responds that the ALJ properly considered Plaintiff's respiratory limitations.   Doc. 27 at 12-14.

The RFC is the most that a claimant can do despite her limitations.   *See* 20 C.F.R. § 404.1545(a).   At the hearing level, the ALJ in the fourth sequential step has the responsibility of assessing a claimant's RFC.   *See* 20 C.F.R. § 404.1546(c).   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education, work experience, and whether she can return to her past relevant work are considered in determining her RFC, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments.   *Phillips v. Barnhart*, 357

F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

The Court finds that the ALJ adequately accounted for Plaintiff's respiratory limitations. Tr. 30. As noted, the ALJ included in her RFC assessment that "[s]econdary to asthma and despite long-term tobacco abuse history, [Plaintiff] is to avoid concentrated exposure to respiratory irritants such a fumes, odors, smoke, gases and poor ventilation. She is to avoid concentrated exposure to extremes of heat, humidity and cold temperatures." *Id.*

To the extent that Plaintiff believes she has additional limitations, it is her burden to prove them. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("[A] diagnosis or a mere showing of a 'deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work."); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"). Plaintiff cannot meet her burden by presenting the existence of an impairment because "[t]he mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work, nor does it 'undermine the ALJ's determination' regarding her ability to work." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)).

Here, Plaintiff attempts to demonstrate her additional limitations by primarily relying on her testimony and reports of daily activities. Doc. 26 at 13-14. Despite her reliance on her subjective complaints, Plaintiff does not challenge the ALJ's finding that "[a]lthough [Plaintiff's] subjective complaint may have some merit, the totality of the supporting medical evidence does not provide clinical correlation of [her] symptomatology to the degree of the debility alleged with objective findings on examination." Tr. 34. Plaintiff also asserts that she has a well-documented history of respiratory impairments. Doc. 26 at 13. As noted, a simple showing of Plaintiff's history of diagnosis and treatment is insufficient. *Wind*, 133 F. App'x at 690; *McCruter*, 791 F.2d at 1547. Rather, Plaintiff must show the effect of her respiratory impairments on her ability to work, which she does not do here. *Wind*, 133 F. App'x at 690; *McCruter*, 791 F.2d at 1547; *Robinson*, 365 F. App'x at 995. Given the ALJ's credibility finding and Plaintiff's argument, the Court finds that Plaintiff does not meet her burden to prove her additional limitations caused by her respiratory impairments. *See Wind*, 133 F. App'x at 690; *McCruter*, 791 F.2d at 1547. Based on the findings above, the Court finds that the ALJ appropriately considered Plaintiff's respiratory limitations in assessing her RFC. Tr. 30.

### d. Whether the ALJ properly considered medical source opinions in evaluating Plaintiff's RFC

Kenneth A. Berdick, M.D., treated Plaintiff for systemic lupus and fibromyalgia on April 28, 2011, June 2, 2011 and June 20, 2011. Tr. 502-31. He completed a RFC questionnaire on July 18, 2011, opining that Plaintiff needs to recline or lie down during an 8-hour workday in excess of the typical 15-minute break

in the morning, the 30 to 60-minute lunch and the typical 15-minute break in the afternoon. Tr. 612. He further indicated that Plaintiff could not walk any city blocks without rest or significant pain and could sit for 30 minutes at one time and stand or walk for 30 minutes at one time. *Id.* Dr. Berdick noted that in an 8-hour workday, Plaintiff could sit for 4 hours and stand or walk for 4 hours. *Id.* He found that Plaintiff needs a job permitting her to shift positions at will from sitting, standing or walking and needs to take unscheduled 15-minute breaks per hour during an 8-hour workday. *Id.*

Dr. Berdick opined that in a competitive work situation, Plaintiff could lift and carry up to 10 pounds frequently and 20 pounds occasionally, but could never lift or carry 50 pounds. Tr. 613. He noted that Plaintiff does not have any limitations in doing repetitive reaching, handling or fingering. *Id.* Based on his experience with Plaintiff and objective medical, clinical and laboratory findings, Dr. Berdick determined that Plaintiff is likely to be absent from work 3 or 4 times a month as a result of her impairments or treatments. *Id.* He indicated that Plaintiff is not a malingerer, and Plaintiff's impairments are reasonably consistent with the symptoms and functional limitations described in his evaluation. *Id.*

On December 31, 2011, Dr. Berdick completed a treating source orthopedic questionnaire. Tr. 610-11. He opined that although Plaintiff has chronic pain and limited range of motion, she has 5/5 grip and lower extremity strengths. Tr. 611. He noted that Plaintiff does not need a hand-held assistive device to ambulate

independently and is capable of performing fine, gross manipulations on a sustained basis. *Id.* The ALJ accorded moderate weight to this opinion because:

> it is consistent with the body of evidence as a whole and does support [Plaintiff's] ability to perform light and sedentary work. Although, the undersigned does question the referenced diagnosis of lupus in this assessment as there is no evidence that this is a medically determinable impairment.

Tr. 35.

On July 1, 2014, Dr. Kibria provided a medical source statement regarding Plaintiff's ability to perform physical work-related activities. Tr. 1168-73. He noted that Plaintiff could lift up to 10 pounds frequently, but could not lift more than 10 pounds. Tr. 1168. He also found that Plaintiff could carry up to 10 pounds occasionally, but never more than 10 pounds. *Id.* Dr. Kibria opined that Plaintiff could sit, stand or walk for 1 hour at one time without any interruptions and sit for 6 hours and stand or walk for 1 hour in an 8-hour workday. Tr. 1169. He noted that Plaintiff does not need a cane to ambulate. *Id.*

Dr. Kibria indicated that Plaintiff could use her both hands frequently to reach overhead and all directions, handle, finger, feel, push and pull. Tr. 1170. He opined that Plaintiff could climb stairs and ramps and balance occasionally, but could never climb ladders or scaffolds, stoop, kneel, crouch or crawl. Tr. 1171. He did not evaluate the effect of Plaintiff's impairments on her hearing or vision. *Id.* He determined that Plaintiff could tolerate occasional exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, vibrations and the quiet level of

noise. Tr. 1172. He found that Plaintiff could perform activities like shopping;

travelling without a companion for assistance; ambulating without using a

wheelchair, walker, 2 canes or 2 crutches; walking a block at a reasonable pace on

rough or uneven surfaces; using standard public transportation; climbing a few steps

at a reasonable pace with the use of a single hand rail; preparing a simple meal;

feeding herself; caring for her personal hygiene and sorting, handling or using paper

or files. Tr. 1173.

The ALJ considered Dr. Kibria's evaluation and assigned significant weight to

certain portions of his opinion and rejected others for the following reasons:

> Significant weight is also given to the consultative reports and
> accompanying assessments as they too reflect limitations, but none that
> would preclude the ability to perform unskilled to lowest end semi-
> skilled sedentary and light work. The undersigned does note and
> disagree however with the consultative assessment by Dr. Kibria
> limiting [Plaintiff] to standing and walking one hour and lifting and
> carrying 10 pounds. These limitations are much too restrictive in light
> of the medical evidence as a whole and [Plaintiff] demonstrated
> activities of daily living. More importantly, the degree of such
> limitations lack credibility as Dr. Kibria himself commented on
> [Plaintiff's] s poor effort on examination.

Tr. 34.

Plaintiff argues that the ALJ erred by not articulating her reasons for rejecting

certain portions of the assessments by Drs. Berdick and Kibria. Doc. 26 at 14-18.

The Commissioner responds that the ALJ properly assessed their opinions. Doc. 27

at 14-20. The Court finds that the ALJ properly evaluated the assessments by Drs.

Berdick and Kibria.

The Court first notes that Drs. Berdick and Kibria offered their assessments by completing form questionnaires. Tr. 610-13, 1168-73. Form questionnaires or so-called "checklist" opinions, such as those completed by the doctors, generally are disfavored. *Hammersley v. Astrue,* No. 5:08-cv-245-Oc-10GRJ, 2009 WL 3053707, *6 (M.D. Fla. Sept. 18, 2009) ("[C]ourts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions."); *Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610, 612 (11th Cir. 2012) (holding that the boxes checked by the doctors did not constitute their actual RFC assessment because checking boxes did not indicate the degree and extent of the claimant's limitations).

Furthermore, Drs. Berdick and Kibria assessed Plaintiff's RFC, which is not a medical opinion, but an issue reserved for the Commissioner. Tr. 610-13, 1168-73. RFC assessments and the application of vocational factors are exclusively reserved to the Commissioner. SSR 96-6p, 1996 WL 374180 (July 2, 1996); 20 C.F.R. § 404.1527(d)(2). The Eleventh Circuit has held that "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012). The regulations provide that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(d)(2). Accordingly, the Court finds that the ALJ appropriately considered the RFC assessments of Drs. Berdick and Kibria and evaluated Plaintiff's RFC based on the entire record. Tr. 34-35.

### V.    Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of September, 2017.


CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record